## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**JAMES E. BRENNAN, JR.**

**v.**                                                                 **C.A. NO. 08-419 S**

**A.T. WALL, ET AL.**

### REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge.

Plaintiff, James E. Brennan, Jr., *pro se,* is an inmate in the custody of the Rhode Island Department of Corrections ("RIDOC") at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island who suffers from liver disease and other physical ailments. Plaintiff filed a complaint with the Court on November 5, 2008 alleging, *inter alia,* that defendants are violating his constitutional rights by deliberately failing to provide adequate treatment for his serious medical conditions. Docket # 1 ("Complaint"). Presently before the Court is plaintiff's motion for a Temporary Restraining Order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (the "Federal Rules"). Docket # 8 ("TRO Motion"). He seeks a TRO requiring defendants to (i) arrange immediate evaluations for him at organ transplant centers in Connecticut and Massachusetts, (ii) provide him with transplant-prerequisite medicine and (iii) not interfere with his transplant candidacy through contacts with medical facilities. Plaintiff alleges that any delay in treatment could cost him his life. Defendants filed an objection to plaintiff's TRO Motion, urging that they have provided plaintiff with adequate medical care. Docket # 12 ("Defendants' Objection"). The TRO Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, I recommend plaintiff's TRO Motion be DENIED.

## BACKGROUND

Plaintiff is an inmate at the ACI who has been committed to and released from the ACI numerous times over the past 22 years. Defendants' Objection, attachment # 1, at 1. His current ACI incarceration began June 12, 2007. *Id.* In his Complaint, plaintiff alleges that defendants violated his constitutional rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments during his various incarcerations at the ACI since May 2004. Complaint, at 1-18. He complains, *inter alia*, that defendants (1) failed to provide him with adequate medical treatment for his liver disease, pulmonary hypertension, and other ailments; (2) failed to provide him with adequate dental care; and (3) prevented him from working to earn good time credits.[1] *Id.* He seeks both damages and injunctive relief. *Id.* at 19-20.

Plaintiff filed the TRO Motion on December 5, 2008, alleging that he needs a liver transplant "relatively soon" or "immediately". TRO Motion, at 4 & 5. Plaintiff emphasizes that for many years prior to his incarceration he was a patient at the Lahey Clinic (a Massachusetts liver transplant center), on the national organ transplant list, and prescribed Remodulin (a medication to treat pulmonary hypertension for transplant-eligible patients). *Id.* at 1; *see also* Defendants' Objection, attachment # 1, at 2. He also states that his doctor prior to incarceration, Dr. Azzouz, supported his liver transplant candidacy. Complaint, at 15. However, plaintiff currently is not under the care of a liver transplant facility or being given Remodulin, which plaintiff alleges is a result of defendants' deliberate indifference to his serious medical needs. TRO Motion, at 1-2. Plaintiff claims he will suffer irreparable harm without immediate court intervention. *Id.* at 1-4 & 9. Defendants, on the other hand, urge that plaintiff is receiving proper medical care. Defendants' Objection.

---

[1] This Report and Recommendation, however, addresses only those claims related to the TRO Motion.

## DISCUSSION

### I.    TRO Legal Standard

Under Federal Rule 65, a TRO may be granted to prevent irreparable harm that is likely to occur before a preliminary injunction hearing can be held. *See, e.g., Fairchild Semiconductor Corp. v. Third Dimension (3D)*, 564 F.Supp.2d 63, 66 (D.Me. 2008)(*citing* 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2951 (1996 & Supp.2008)).   "The standard to be applied to determine whether to issue a temporary restraining order is identical to the standard applied for preliminary injunctions." *Kellam v. Burnley*, 673 F.Supp. 71, 72 (D.R.I. 1987).   Plaintiff, as the party moving for a temporary injunction in this case, has the burden of persuasion to show: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to defendants if the TRO is granted; and (4) the TRO "will promote (or, at least, not denigrate) the public interest." *McGuire v. Reilly*, 260 F.3d 36, 42 (1st Cir. 2001).   Of the four factors, the likelihood of success on the merits is of primary importance. *See Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 46 (1st Cir. 2005).

### II.    Application of Standard to Plaintiff's Claims

#### A.    Likelihood of Success on the Merits

Plaintiff brings his action under 42 U.S.C. § 1983 ("§ 1983"), claiming, *inter alia*, that defendants are violating his constitutional rights by failing to provide him with adequate medical care.   To succeed in a § 1983 action, a plaintiff must prove that the conduct of which he complains (1) was committed by a person acting under color of state law and (2) deprived him of a constitutional or federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).   As it is clear that defendants' actions were under the color of state law, the question in this case is whether defendants deprived plaintiff of a constitutional right.

The Eighth Amendment guarantees that prisoners are not subject to cruel and unusual punishment. U.S. Const. amend. VIII. This Eighth Amendment protection prohibits prison officials from "deliberate indifference" to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Determining if a prison official acted with deliberate indifference to a prisoner requires an inquiry into both objective and subjective factors. First, the prisoner's medical need must be objectively serious, involving a substantial risk of serious harm if not properly treated. *See, e.g., Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990). Second, the prison official must have had subjective awareness of the inmate's need and consciously disregarded a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837. As plaintiff's serious medical need for treatment of his liver and related conditions is apparent, the question in this case is whether plaintiff can show a substantial likelihood that defendants are disregarding a serious risk of harm to plaintiff by failing to provide him with the specific treatment he requests (i.e. transplant evaluations and Remodulin).

### i.   Plaintiff's Claims that Defendants Are Disregarding Serious Risk of Harm

Plaintiff alleges that his prior status as a transplant candidate indicates that a liver transplant is the only viable course of treatment for his medical needs. TRO Motion, at 1. He contends that, despite defendants' knowledge of his need for a transplant, they do not want him to be a transplant candidate because Remodulin is too expensive. *Id.* His only support for such allegation, however, is his own statement in his complaint that defendant Feinstein testified at a state court hearing on September 20, 2006 that plaintiff's "medical care was cost prohibitive and a burden to budgetary constraints, where the Remodulin therapy alone was in excess of fifteen thousand dollars per month." Complaint, at 9. Plaintiff further alleges, again without any supporting evidence, that (1) his doctor prior to incarceration, Dr. Azzouz, facilitated his liver

transplant candidacy and (2) rather than taking him to Dr. Azzouz, defendants found doctors for him who do not support his immediate need for a transplant and Remodulin. *Id.* at 15. Additionally, and again without any supporting evidence, plaintiff alleges that defendants wrongfully accused him of non-compliance with transplant requirements in order to convince the medical community that he is not a suitable candidate for a transplant evaluation. TRO Motion, at 2, 4 & 5. Plaintiff concludes that defendants' actions to prevent him from obtaining a transplant despite their knowledge of his need for a transplant indicate their deliberate indifference to his serious medical needs. TRO Motion, at 1-7.

### ii. Defendants' Evidence of Adequate Medical Care

In objecting to the TRO Motion, defendants provide evidence that medical doctors are treating plaintiff's ailments adequately, as detailed in affidavits submitted by Dr. Michael Poshkus, RIDOC Medical Program Director, and Pauline M. Marcussen, RIDOC Chief of Program Development who is responsible for keeping RIDOC inmates' medical records. Defendants' Objection, attachments ## 1 & 2. Specifically, the affidavits reveal that plaintiff has been treated by specialists at various clinics and hospitals numerous times since June 2007 as well as seen by nurses and physicians on staff with RIDOC 60 times. *Id.* Dr. Poshkus also explains that currently plaintiff is prescribed six different medications. *Id.*, attachment #1, at 2.

With respect to conditions related to plaintiff's liver disease, Dr. Poshkus notes that, since his most recent incarceration at the ACI, plaintiff has been treated by specialists at the Rhode Island Hospital Gastroenterology Clinic and Pulmonary Clinic, and he believes plaintiff's medical conditions are currently stable. *Id.* He further explains that RIDOC relies on the recommendations of hepatologists (liver specialists) to determine if a referral for a liver transplant evaluation is necessary. *Id.* He states that, although the specialists treating plaintiff have not found that he is suitable for a liver transplant evaluation at the current time, RIDOC will

arrange for an evaluation if the specialists determine that plaintiff is suitable in the future. *Id.* Additionally, despite plaintiff's suggestions that defendants removed him from Remodulin because it was too expensive, Dr. Poshkus indicates that the removal was dictated by medical reasons, including: (1) his belief, from conversations with Lahey Clinic doctors, that plaintiff had been removed from transplant eligibility for missing appointments; (2) Remodulin's negative side effects; and (3) dangers from unstable administration of the drug. *Id.* Dr. Poshkus also reports that plaintiff is now being given Sildenafil rather than Remodulin to successfully manage his pulmonary hypertension, and, indicates that RIDOC will provide plaintiff with Remodulin if a change in plaintiff's transplant status indicates that plaintiff requires such medication. *Id.*

### iii. Legal Analysis: No Likelihood of Showing Deliberate Indifference

Plaintiff has not shown a substantial likelihood of succeeding on his claim that defendants' have been deliberately indifferent to his medical needs. First, defendants provide evidence that they have relied on the advice of specialists in treating plaintiff, thus negating the likelihood that they knew of and consciously disregarded a serious risk of harm to plaintiff in treating plaintiff. *See Farmer,* 511 U.S. at 844; *Dionne v. Brodeur,* No. 94-125, 1995 U.S. Dist. LEXIS 17063, (D.N.H. Nov. 8, 1995); *Berman v. Lamer,* 874 F.Supp. 102, 106 (E.D.Pa. 1995) (prisoner's TRO denied based on evidence of extensive treatment by doctors and specialists).

Additionally, while it is clear that plaintiff disagrees with the doctors he is seeing and the course of treatment RIDOC is providing him, a prisoner has no constitutional right to choose his doctor or his course of treatment. *See Watson v. Caton,* 984 F.2d 537, 540 (1ˢᵗ Cir. 1993); *Jackson v. Fair,* 846 F.2d 811, 817 (1ˢᵗ Cir. 1988). Neither disagreements by the plaintiff with his doctor nor even differences in viable medical opinions between doctors over the proper course of treatment rise to the level of a claim cognizable under the Eighth Amendment. *See Feeney v. Correctional Medical Services, Inc.,* 464 F.3d 158, 162 (1ˢᵗ Cir. 2006); *Jackson v.*

*McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Rather, the prisoner must show that the course of treatment the doctors chose was "'so inadequate as to shock the conscience'". *Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991)(internal citation omitted); *see also Horstkotte v. N.H. Dept. of Corrections,* No. 08-61, 2008 WL 4372860, at *7 (D.N.H. Sept. 16, 2008)(even if plaintiff prefers more aggressive treatment, if he is receiving "adequate medical care", his Eighth Amendment rights are not being violated). At the current stage of the proceedings in the instant case, plaintiff has presented no evidence to counter defendants' medical evidence explaining their treatment decisions and indicating that their treatment choices do not "shock the conscience". *See Campbell v. Martinez*, No. 03-299, 2003 WL 22410576, at *3 (N.D.Tex. May 14, 2003); *see also Layne v. Vinzant*, 657 F.2d 468, 474 (1st Cir. 1981).

Finally, plaintiff's reliance on *Rosado v. Alameida,* 349 F.Supp.2d 1340 (S.D.Cal. 2004), in which the court grants a prisoner's preliminary injunction motion requiring prison officials to ensure prisoner received evaluations at liver transplant centers in California, as support for his motion is misplaced. In *Rosado*, the court cited evidence that (1) a transplant was plaintiff's only means of survival; (2) defendants had not suggested that a transplant was not medically necessary; and (3) defendants had not identified an alternative treatment plan to save plaintiff's life. *Id.* at 1346. In the instant case, on the other hand, defendants' provide evidence that they believe plaintiff is stable, a transplant is not currently necessary, and that an alternative treatment is adequate at the current time. *See* Defendants' Objection, attachment # 1, at 2.

**B. Other Factors**

As plaintiff has not shown a substantial likelihood that he will prove that defendants are violating his Eighth Amendment rights by failing to have him evaluated for a transplant or prescribing Remodulin for him at the current time, his TRO motion should fail and the remaining three TRO factors need not be addressed. *See Wine and Spirits Retailers, Inc.*, 418 F.3d at 46.

## CONCLUSION

Although plaintiff disagrees with the medical care he is receiving, defendants have presented evidence that they are providing plaintiff with extensive medical care and following the guidance of medical specialists in designing plaintiff's medical treatment plan. As plaintiff has failed to demonstrate a substantial likelihood that he will succeed on the merits of his claims he has not met the standard for a TRO, and I recommend that his TRO Motion be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).


Jacob Hagopian
Senior United States Magistrate Judge
December 30, 2008