UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES E. BRENNAN, JR.

v.                                                                                    C.A. NO. 08-419 S

A.T. WALL, ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge.

Presently before the Court are two motions filed by plaintiff: (1) a Motion for a Preliminary Injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure (the "Federal Rules") (Docket # 93) and (2) a Motion for a Preliminary Injunction with an expedited hearing pursuant to Federal Rule 65(b)(3). Defendants have objected to plaintiff's motions (Dockets ## 98, 101 & 104). These Motions for Preliminary Injunctions have been referred to me pursuant to 28 U.S.C. § 636 (b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend plaintiff's motions be denied.

BACKGROUND

Plaintiff, James E. Brennan, Jr., *pro se,* is an inmate in the custody of the Rhode Island Department of Corrections ("RIDOC") at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island who suffers from liver disease and other physical ailments. Plaintiff filed a complaint with the Court pursuant to 42 U.S.C. § 1983 ("§ 1983") on November 5, 2008 alleging that defendants violated his constitutional rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments during his various incarcerations at the ACI since May 2004.

Complaint, at 1-18. He complains, *inter alia*, that defendants (1) failed to provide him with adequate medical treatment for his liver disease, pulmonary hypertension, and other ailments; (2) failed to provide him with adequate dental care; and (3) prevented him from working to earn good time credits. *Id.* He seeks both damages and injunctive relief. *Id.* at 19-20.

In plaintiff's first Preliminary Injunction Motion at issue here he alleges that defendants are thwarting his constitutional rights to access the courts by (1) curtailing his ability to make copies and send mail and (2) retaliating against him for filing the instant lawsuit. Specifically, he claims that defendants retaliated against him by transferring him from medium to maximum security, deducting good time credits without just cause, and conducting unreasonable cell searches. He urges the Court to order defendants to (i) deliver his outgoing mail and allow him to make copies regardless of his ability to pay for the same; (ii) reclassify him and transfer him back to medium security; and (iii) refrain from retaliating against him by taking good time credits for filing the instant motion.

In his second motion for Preliminary Injunction at issue here, plaintiff alleges that defendants have failed to follow-up on an order by his doctor at the Gastroenterology Clinic of the Rhode Island Hospital (the "RIH") to take him for a magnetic resonance imaging test ("M.R.I."). He urges the Court to order defendants to deliver him to RIH for an immediate M.R.I.

## DISCUSSION

### I. First Motion for Preliminary Injunction

A preliminary injunction is a mechanism used to preserve the status quo pending litigation of the merits by protecting a plaintiff from irreparable harm and maintaining the court's ability to render a meaningful judgment following a trial on the merit. *See, e.g., CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc.*, 48 F.3d 618, 620 (1st Cir. 1995). Thus, a party moving for

a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975); *DeWitt v. Wall*, No. 01-65, 2001 WL 1018332, at *1 (D.R.I. June 05, 2001). "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997)(preliminary injunction regarding a First Amendment issue denied where underlying suit was for damages on a claim of fraud).

Here, Brennan's motion for a preliminary injunction is not related to preserving the district court's decision making power over the merits of his § 1983 lawsuit. To the contrary, Brennan's motion is based upon new assertions regarding his rights to access the court that are distinct from the claims raised in the Complaint. "Although these new assertions might support additional claims ..., they cannot provide the basis for a preliminary injunction in this lawsuit." *Devose*, 42 F.3d at 471; *see also Guillen v. Thompson*, No. 08-1279, 2009 WL 2513501, at *6-7 (D. Ariz. Aug. 14, 2009)(denying preliminary injunction on assertions, including retaliation and denial of access to the courts, because they were unrelated to the inadequate medical care claims in underlying complaint); *Flores v. Morgen*, No. 08-5621, 2009 WL 1159049, at *4 (W.D.Wash. Apr 22, 2009)(denying preliminary injunction seeking access to his legal materials and free postage for mail directed to the District Court because, in part, unrelated to inadequate medical care claims that formed basis of complaint). Accordingly, I recommend that plaintiff's motion be DENIED.

## II. Second Motion for Preliminary Injunction

Plaintiff states that his second motion for preliminary injunction is brought pursuant to Federal Rule 65(b)(3). Federal Rule 65(b)(3) calls for an expedited preliminary injunction hearing after a court issues a temporary restraining order. Fed.R.Civ.P. 65(b)(3). However, as no temporary restraining order has been issued in this case, plaintiff's motion pursuant to Federal Rule 65(b)(3) should be denied because it is inapplicable here.

Alternatively, even if plaintiff's motion is considered as a motion for preliminary injunction under Federal Rule 65(a) relating to his claims of inadequate medical care, it should still fail because plaintiff has not clearly carried the burden of persuasion as to the requirements for injunctive relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997)("It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion")(citing 11A C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2948, pp. 129-130 (2d ed. 1995)(emphasis in original). Plaintiff, as the moving party, has the burden of persuasion to demonstrate: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to defendants if the injunction is granted; and (4) the public interest will not be adversely affected by the granting of the injunction. *McGuire v. Reilly*, 260 F.3d 36, 42 (1st Cir. 2001). Of the four factors, the likelihood of success on the merits is of primary importance. *See Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 46 (1st Cir. 2005).

In order for plaintiff to succeed on his § 1983 claim for inadequate medical care, he must show that (1) he has an objectively serious medical need, involving a substantial risk of serious harm if not properly treated and (2) the prison official had subjective awareness of his need and

4

consciously disregarded the substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976).

Here plaintiff claims that a RIH doctor ordered an M.R.I. and that such test is needed to determine if he has liver cancer, for which he claims he is at high risk due to his underlying medical conditions. However, he fails to provide any medical evidence, such as the doctor's order or even the name of the doctor who ordered the M.R.I. or testimony from any other medical expert corroborating his claims that such test is necessary and that he faces a substantial risk of serious harm or irreparable harm without such test. Further, he does not suggest that the defendant prison officials knew about his alleged need for the test and consciously disregarded such need. In fact, he states that his doctor at maximum security was unaware of the RIH doctor's order.

As plaintiff has failed to meet the substantial burden of demonstrating by a clear showing that the "extraordinary and drastic remedy" of preliminary injunction should be granted in this instance, I recommend his second motion for preliminary injunction be DENIED.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
September 8, 2009