UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES E. BRENNAN, JR.

v.   C.A. NO. 08-419 S

A.T. WALL, ET AL.

## MEMORANDUM AND ORDER

Plaintiff, James E. Brennan, Jr., *pro se,* is an inmate in the custody of the Rhode Island Department of Corrections at the Adult Correctional Institutions in Cranston, Rhode Island. On November 5, 2008, plaintiff filed a complaint with the Court alleging, *inter alia,* that defendants are violating his constitutional rights by deliberately failing to provide adequate treatment for his serious medical conditions (Docket # 1). On November 12, 2008, the Court denied plaintiff's motion for the Court to appoint counsel pursuant to 28 U.S.C. §1915(e) (the "November 12th Order") (Docket # 6) and, on February 24, 2009, the Court denied plaintiff's motion for the Court to reconsider the November 12th Order (the "February 24th Order") (Docket # 39). Presently before the Court is plaintiff's "Second Motion for Reconsideration for Appointment of Counsel" filed on September 11, 2009 (Docket # 114).

As explained in the November 12th and February 24th Orders, in the appropriate case, the Court "may request an attorney to represent any person unable to afford counsel" in a civil action. 28 U.S.C. § 1915(e). However, there is no absolute constitutional right to a "free lawyer" in a civil case. *DesRosier v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991). Absent exceptional circumstances, the Court cannot appoint counsel in a civil matter. *Id.* at 23. In determining whether exceptional circumstances exist, the Court must examine the total situation, considering, *inter alia,* the merits of the case, the complexity of the legal issues and the litigant's ability to represent himself. *Id.*

In the November 12th Order, I stated that the issues were not so complex that the plaintiff was unable to represent himself and that the plaintiff's filings demonstrated that he was able to present the facts and issues himself. Once again, Plaintiff has not introduced any new evidence or information suggesting that the November 12th Order should be reversed at this time. Accordingly, plaintiff's Second Motion for Reconsideration for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 20, 2009