**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES E. BRENNAN, JR.**

**v.** **C.A. NO. 08-419 S**

**A.T. WALL, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff, James E. Brennan, Jr. ("Plaintiff"), *pro se,* is a former inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island who suffers from liver disease and other physical ailments. Plaintiff filed a complaint with the Court on November 5, 2008 (the "Complaint" or "Cmpt.") naming as defendants: Director of the Rhode Island Department of Corrections ("RIDOC") A.T. Wall; Dr. Michael Poshkus; Alan Feinstein; and Dr. Edoro ("Defendants") (Dckt. # 1). In the Complaint, plaintiff alleges, *inter alia*, that Defendants violated his rights by deliberately failing to provide adequate treatment for his serious medical conditions.

Presently before the Court are three motions: (i) a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Federal Rules") filed by Defendants Drs. Poshkus and Edoro (the "Doctors' Summary Judgment Motion") (Dckt. # 121); (ii) a Motion to Dismiss pursuant to Federal Rule 37 filed by Defendants Drs. Poshkus and Edoro (the "Doctors' Motion to Dismiss") (Dckt. # 133); and (iii) a Motion, filed by Defendants Wall and Feinstein, to Dismiss pursuant to Federal Rule 12(b)(6) (the "Wall/Feinstein Motion to Dismiss"), and, in the alternative, for Summary Judgment (the "Wall/Feinstein Summary Judgment Motion") (Dckt. # 125). Plaintiff has objected to the motions ("Plaintiff's Obj.") (Dckt. # 136).

The motions have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend (1) the Doctors' Summary Judgment Motion be granted; (2) the Doctors' Motion to Dismiss be denied as moot; (3) the Wall/Feinstein Motion to Dismiss be granted in part; and (4) the Wall/Feinstein Summary Judgment Motion be granted in part. Additionally, I recommend the *sua sponte* dismissal of Plaintiff's remaining claims. Therefore, having recommended the dismissal of all claims in the Complaint, I further recommend that the action be dismissed in its entirety.

## BACKGROUND

The following background, taken as true for purposes the Federal Rule 12(b)(6) motion to dismiss, is based on the Complaint (unless otherwise noted):

At the time he filed this action, Plaintiff was a prisoner at the ACI, although, subsequently, he has been released. *See* Change of Address (Docket # 140). Plaintiff suffers from hemochromatosis, a liver disease, as well as various other medical problems. He emphasizes that for many years prior to his incarceration he was a patient at the Lahey Clinic (a Massachusetts liver transplant center), on the national organ transplant list, and prescribed Remodulin (a medication to treat pulmonary hypertension for transplant-eligible patients). He alleges that, because the treatment for liver transplant preparedness was expensive, defendants prevented him from being treated at a transplant center or by his former doctor, Dr. Azzouz, who supported his liver transplant candidacy. Additionally, Plaintiff implies that Dr. Poshkus lied about him to transplant centers in order to keep him off the national organ transplant list.

Plaintiff further alleges that, while at the ACI, he was denied (i) proper treatment of his injection pump, leading to numerous infections and Plaintiff passing out on one occasion; (ii) Remodulin; (iii) the medication Lactulose, which left him in a state of confusion, unable to protect his rights and vulnerable to attack by other inmates; (iv) adequate treatment after he was pushed down the stairs; (v) phlebotomies, to reduce iron stores in his blood; (vi) dental care; and (vii) an appointment with a dermatologist regarding a recently distorted mole, even though his father had skin cancer. Plaintiff also alleges that, despite his cardiac and pulmonary conditions, he was housed on the third floor of minimum security, and later medium two security, and that he required infirmary care on several occasions for "distress". He alleges that such housing occurred despite his numerous requests to be reclassified for medical purposes.

In addition to his medical complaints, Plaintiff alleges that Defendant Feinstein interfered with his sentencing. Specifically, the Complaint alleges that in 2007, Feinstein (i) arranged with Plaintiff's sentencing judge to have Plaintiff released from the ACI to The Providence Center, a drug treatment facility; (ii) told Plaintiff that he could not remain at The Providence Center if he sought treatment at the Lahey Clinic; and (iii) after Plaintiff sought treatment at the Lahey Clinic, influenced the judge to sentence Plaintiff to three one-year terms at the ACI to be served consecutively.

Finally, Plaintiff also alleges that Defendants "violated his rights under the Americans With Disabilities Act and Equal Protection Clause by denying good time credit in not allowing [him] to perform even the minimally difficult tasks in order to earn good time credit." Cmpt. ¶ 72.

**UNDISPUTED FACTS**

For purposes of the summary judgment motions, the following are the relevant undisputed facts garnered from the parties' submissions in this matter:

At the time of the incidents alleged in the Complaint, (i) Director Wall served as the Director of RIDOC; (ii) Feinstein was a Supervising Clinical Psychologist employed by RIDOC; (iii) Dr. Poshkus served as the Medical Program Director and an Attending Physician at the ACI, where he oversaw the medical care provided to Plaintiff; and (iv) Dr. Edoro was a Staff Physician at the ACI who provided care to Plaintiff. Affidavit of Wall, Dckt. # 125-3, ¶1; Affidavit of Feinstein, Dckt. # 125-4, ¶1; Affidavit of Dr. Poshkus, Dckt. # 121-6, ¶1; Affidavit of Dr. Edoro, Dckt. # 121-6, ¶1.

In connection with the Doctors' Summary Judgment Motion, Drs. Poshkus and Edoro have submitted affidavits from four doctors – one from each of them plus one from an expert in the field of Correctional Medicine and one from an expert in the field of Hepatology. Affidavits of Drs. Kern & Koff, Dckt. # 121-5; Affidavits of Drs. Poshkus & Edoro, Dckt # 121-6. The doctors are prepared to testify that the care provided to Plaintiff by Drs. Poshkus and Edoro met or exceeded the applicable standards of care and that there was no negligence on the part of either ACI doctor. *Id.*

In connection with the Wall/Feinstein Summary Judgment Motion, Wall and Feinstein have submitted affidavits stating, *inter alia*, that (i) they were not involved any decision regarding Plaintiff's medication, including the decision to terminate his Remodulin prescription; (ii) Wall reviewed Plaintiff's request to be reclassified based on medical reasons and timely requested Dr. Poshkus to review the same; (iii) Wall did not receive any letters from Plaintiff regarding his dental care; and (iv) although, at the request of Judge Cenerini, Feinstein spoke with Plaintiff about the treatment program at The Providence Center, Feinstein did not (1) discuss Plaintiff's medication with the judge, Plaintiff or The Providence Center staff, (2) tell Plaintiff that seeking treatment at the Lahey Clinic would result in his recommitment to the ACI or (3) speak with anyone

from The Providence Center regarding Plaintiff. Affidavit of Wall, Dckt. # 125-3, ¶¶ 5-8, 10 & 11; Affidavit of Feinstein, Dckt. # 125-4 ¶¶ 3-11.

In support of his objection to Defendants' summary judgment motions, in addition to his own affidavit repeating his opinion that he was denied medical care he required, Plaintiff filed, *inter alia*, (i) articles regarding hemochromatosis and liver function tests; (ii) lab results from blood tests he took in December 2007 and February 2008; and (iii) an affidavit from a fellow inmate stating that, when the two were housed together between May 2007 and February 2008, Plaintiff appeared to suffer from a mental defect, had trouble getting up and down the stairs, and did not receive adequate medical care. Plaintiff's Obj., Dckt. ## 136-2, 3, & 5-7. Plaintiff did not file any affidavits from any medical personnel. Further, although Plaintiff states that, after his release from prison, he would obtain affidavits from Lahey Clinic staff, Dr. Azzouz, and Rhode Island Hospital doctors, *id.* at Dckt. # 136-7, ¶17, despite being granted an extension of time after his release from the ACI to file an amended objection, *see* Dckt. # 138, Plaintiff never filed any such affidavits.

**HISTORY OF CASE**

In December 2008, Plaintiff filed a motion for a Temporary Restraining Order (the "TRO Motion") seeking a court order requiring Defendants to deliver him to a liver transplant facility for an evaluation, provide him Remodulin, and not interfere with his transplant candidacy through contact with medical facilities (Dckt. # 8). The Court denied Plaintiff's motion, finding, *inter alia,* that Plaintiff failed to demonstrate a likelihood of success on the merits of his claim that Defendants were providing constitutionally inadequate medical care. In opposing the TRO Motion, Defendants introduced medical evidence detailing the numerous medical treatments Plaintiff had received during his incarceration and indicating that they were providing Plaintiff with adequate medical treatment. On the other hand, in support of the TRO Motion, Plaintiff failed to submit any relevant medical evidence to the contrary, instead presenting only his own complaints about his treatment and old medical records showing that he had been on the transplant list and prescribed Remodulin in prior years.

## DISCUSSION

### I. Plaintiff's Claims: § 1983, Medical Negligence, and ADA

Although Plaintiff does not set forth individual counts in the Complaint, he alleges claims pursuant to 42 U.S.C. § 1983 ("§ 1983"); state medical negligence law; and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (the "ADA"). He alleges these claims against Defendants in both their official and individual capacities.

In order to maintain a § 1983 action, the conduct complained of must have (i) been committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, Plaintiff seems to allege that his rights were violated by (1) all Defendants under the Eighth Amendment (while he was a convicted prisoner) and Fourteenth Amendment (while he was a pretrial detainee) by failing to provide adequate medical care; (2) Defendant Wall under the Eighth Amendment and Fourteenth Amendment Due Process Clause with respect to his classification and cell placement; (3) Defendant Feinstein under the Fourteenth Amendment Due Process Clause by interfering with his sentencing in 2007; (4) all Defendants under the Ninth Amendment; and (5) all Defendants under the Equal Protection Clause because, due to his medical condition, he was not provided the opportunity to work and earn good time credits like other prisoners.

In a medical negligence action, the plaintiff must establish a standard of care applicable to the defendant and that the defendant's deviation from that standard caused plaintiff's injury. *See Gianquitti v. Atwood Medical Assoc.*, 973 A.2d 580, 594 (2009). Further, expert testimony is required to establish the standard of care unless clearly obvious to a lay person. *See id.*

Finally, to succeed on a claim under Title II of the ADA, a plaintiff must establish: (i) that he is a qualified individual with a disability; (ii) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (iii) that such exclusion, denial of benefits, or discrimination occurred because of the plaintiff's disability. 42 U.S.C. § 12132; *Parker v. Universidad de P.R.*, 225 F.3d 1, 5 (1st Cir. 2000).

## II. Wall/Feinstein Motion to Dismiss Pursuant to Federal Rule 12(b)(6)

### A. Federal Rule 12(b)(6) Motion to Dismiss Standard

In order to survive a motion to dismiss for failure to state a claim on which relief may be granted pursuant to Federal Rule 12(b)(6) a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). In ruling on a Federal Rule 12(b)(6) motion to dismiss, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). However, the Court need not credit bald assertions or unverifiable conclusions. *See Iqbal,* 129 S.Ct. at 1949.

### B. Defendants in their Official Capacities Not Amenable to § 1983 Suit for Damages

First, Wall and Feinstein urge that, to the extent Plaintiff has sued Defendants in their official capacities under § 1983, such suit fails. I agree. It is clear that state officials acting in their official capacities are not "persons" amenable to suit for money damages under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). Further, although state officials may be sued for prospective injunctive relief, *see id.* at 71 n.10, as Plaintiff is no longer incarcerated, his demand for injunctive relief is moot. Therefore, to the extent Defendants Wall and Feinstein are sued in their official capacities, I recommend that the Wall/Feinstein Motion to Dismiss regarding such claims be GRANTED and such claims be DISMISSED.

### C. Due Process Claims Against Wall Regarding Classification

Second, Defendant Wall urges that, to the extent that Plaintiff's claims that he classified (or allowed the classification of) Plaintiff to certain security levels and to cells on the third floor without adequate consideration of Plaintiff's medical needs, in violation of Plaintiff's due process rights, such claims fail to state claims on which relief may be granted.[1] Again, I agree.

---

[1] To the extent Plaintiff claims that the classification and cell placement violated the Eighth Amendment by subjecting him to inadequate medical care, such claims are addressed in Section III.B below.

In order to state a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). The Constitution does not create a liberty interest in prison-inmate classification. *See Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532 (1976)(no liberty interest arises from the Due Process Clause itself in transfer from low to maximum security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); *Bishop v. State*, 667 A.2d 275, 277 (R.I. 1995)(prisoner classification does not implicate liberty interest because Rhode Island statute gives RIDOC Director total and exclusive final discretion in classification of prisoners).

Further, although Plaintiff complains that the medical care was superior in security units to which he was not assigned, Plaintiff does not provide any allegations demonstrating that his classification imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); *see also Wilkinson*, 545 U.S. at 214-15 (finding liberty interest in avoiding transfer to supermax prison due to extremely harsh conditions there).

Accordingly, I recommend that Wall's motion to dismiss Plaintiff's Fourteenth Amendment Due Process claims regarding classification against him be GRANTED and such claims be DISMISSED.

**D. Due Process Claims Against Feinstein**

Next, Defendant Feinstein urges dismissal of Plaintiff's claims that in 2007 Feinstein violated Plaintiff's Due Process rights by somehow interfering with his placement in The Providence Center drug facility treatment program and influencing the sentencing judge to sentence Plaintiff to the ACI after he left The Providence Center. I agree.

Under a liberal reading of the Complaint, Plaintiff appears to allege that Feinstein violated his liberty interest to be free from incarceration without due process. However, a valid conviction and sentence extinguishes a person's right to freedom from confinement. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1977). Further, here, Plaintiff seeks money damages based on the premise that Feinstein wrongfully caused his incarceration. However, such incarceration has never been overturned or invalidated. The Supreme Court has instructed that a state prisoner's claim for money damages is not cognizable under § 1983 where "a judgment in favor of the plaintiff would necessarily imply

the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364 (1994). Accordingly, I recommend that Defendant Feinstein's motion to dismiss with respect to the Due Process claims against him be GRANTED and such claims be DISMISSED.[2]

## III. Summary Judgment Motions

### A. Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug. Inc.,* 895 F.2d 46, 50 (1st Cir. 1990)(citation omitted). Summary judgment can only be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." *Garside,* 895 F.2d at 48 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." *Cadle*, 116 F.3d at 960 (citations omitted).

Defendants urge summary judgment should be granted in their favor with respect to Plaintiff's claims regarding constitutionally inadequate medical care and medical negligence.

### B. Eighth and Fourteenth Amendment Claims Regarding Medical Care: Plaintiff's Inadequate Medical Evidence

The Eighth Amendment prohibits prison officials from "deliberate indifference" to an inmate's serious medical needs, *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct.

---

[2]Defendant Feinstein has also provided an affidavit in support of his motion for summary judgment denying Plaintiff's allegations that he interfered with Plaintiff's sentence in 2007. Affidavit of Feinstein, Dckt. # 125-4 ¶¶ 5-11. However, as I have recommended that such claim be dismissed for failure to state a claim on which relief may be granted, I need not reach the summary judgment issue.

1970 (1994), while the Fourteenth Amendment prohibits the same with respect to pretrial detainees, *Ruiz-Rosa v. Rullan*, 485 F.3d 150, 155 (1st Cir. 2007). Determining if a prison official acted with deliberate indifference to a prisoner requires an inquiry into both objective and subjective factors: (i) the prisoner's medical need must be objectively serious, involving a substantial risk of serious harm if not properly treated, and (ii) the prison official must have had subjective awareness of the inmate's need and consciously disregarded a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837; *see also Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

Here, Defendants Drs. Poshkus and Edoro have filed with the Doctors' Summary Judgment Motion affidavits from four doctors highlighting the numerous medical treatments provided to Plaintiff and attesting that Defendants met or exceeded the applicable standards of care with respect to Plaintiff's treatment. Affidavits of Drs. Kern & Koff, Dckt. # 121-5; Affidavits of Drs. Poshkus & Edoro, Dckt # 121-6. Accordingly, such proffered evidence indicates that Defendants did not disregard any substantial risk of harm to Plaintiff or act with deliberate indifference to Plaintiff's medical needs. In addition Wall and Feinstein provide affidavits indicating that they were neither personally involved in the medical decision to wean Plaintiff off of Remodulin, contrary to the allegations in the Complaint, nor acted with deliberate indifference to any serious medical need of Plaintiff. Affidavit of Wall, Dckt. # 125-3, ¶¶ 5-8, 10 & 11; Affidavit of Feinstein, Dckt. # 125-4 ¶¶ 3-11.

Nonetheless, in response to Defendants' motions, Plaintiff has failed to present any sufficient evidence to counter the Defendants' proffered expert medical testimony or the affidavits of Wall and Feinstein regarding their lack of personal involvement and deliberate indifference. Plaintiff's reliance on his own claims that he required medical treatment not provided to him by Defendants, the affidavit of an inmate stating that Plaintiff was not receiving adequate medical care, and articles regarding his ailments fail to create a genuine issue of fact regarding Defendants' medical treatment of Plaintiff. Further, although Plaintiff was granted an extension of over a month after his release from the ACI to obtain expert witness testimony and file an amended objection to Defendants' motions, he failed to submit an amended objection or expert testimony. As the discovery close date and deadline for filing an amended objection have passed, Plaintiff is now foreclosed from raising a genuine issue of material fact regarding his

medical claims. Accordingly, I recommend the Doctors' Summary Judgment Motion and the Wall/Feinstein Summary Judgment Motion, with respect to the Eighth and Fourteenth Amendment medical claims, be GRANTED and such claims be DISMISSED.

**C. Medical Negligence Claims: Plaintiff's Inadequate Medical Evidence**

As explained above, in a medical negligence action, the plaintiff must establish the standard of care by the introduction of expert testimony, unless clearly obvious to a lay person. *See Gianquitt*, 973 A.2d at 594. Here, by his own admission as well as a review of the alleged facts, it is clear that Plaintiff has a complex medical history and requires numerous medications and treatments. Accordingly, expert medical testimony is necessary to establish the standard of care. As described above, Plaintiff has not submitted any expert medical testimony regarding the care he received during his incarceration at the ACI while Defendants have provided affidavits of four medical doctors attesting that Defendants met or exceeded the standard of care with respect to Plaintiff's medical care. Affidavits of Drs. Kern & Koff, Dckt. # 121-5; Affidavits of Drs. Poshkus & Edoro, Dckt # 121-6. Therefore, I recommend the Doctors' Summary Judgment Motion and the Wall/Feinstein Summary Judgment Motion, with respect to the medical negligence claims, be GRANTED and such claims be DISMISSED.

**IV. *Sua Sponte* Dismissal: Ninth Amendment and ADA/Equal Protection Claims**

As Plaintiff is proceeding *in forma pauperis* in this action, the Court is obligated under 28 U.S.C. § 1915(e)(2) to screen the Complaint and dismiss *sua sponte* claims that fail to state claims on which relief may be granted. 28 U.S.C. § 1915(e)(2). Here, although Defendants did not address Plaintiff's Ninth Amendment claims and claims pursuant to the ADA and Equal Protection Clause, I have reviewed these claims pursuant 28 U.S.C. § 1915(e)(2).

First, Plaintiff states in the Complaint that Defendants have violated his rights under the Ninth Amendment of the Constitution. However, Plaintiff fails to make any factual allegations whatsoever in connection with such claims or identify how Defendants violated the Ninth Amendment. Second, Plaintiff claims a violation of the ADA and Fourteenth Amendment Equal Protection Clause occurred because he was not allowed to earn good time credit by performing even minimally difficult tasks. Here, however, Plaintiff fails to allege any conduct by any of the named Defendants that led to the denial of work assignments or otherwise caused the alleged unfair treatment.

Accordingly, I recommend that Plaintiff's claims under the Ninth Amendment, ADA, and Equal Protection Clause be DISMISSED for failure to state claims on which relief may be granted.

**V. Doctors' Motion to Dismiss Pursuant to Rule 37(b)**

In the Doctors' Motion to Dismiss, Drs. Poshkus and Edoro seek a Court order pursuant to Federal Rule 37(b) dismissing the action based on Plaintiff's failure to timely respond to their discovery requests in contravention to a Court order requiring Plaintiff to respond. However, as I have recommended that the Doctors' Summary Judgment Motion be granted, I recommend that the Doctors' Motion to Dismiss be DENIED as moot.

## CONCLUSION

In summary, I recommend:

(i) the Wall/Feinstein Motion to Dismiss be GRANTED with respect to the:

  (1) § 1983 claims against Defendants in their official capacities;

  (2) Fourteenth Amendment Due Process Clause claims against Wall regarding classification; and

  (3) Fourteenth Amendment Due Process Clause claims against Feinstein regarding sentencing in 2007;

(ii) the Doctors' Summary Judgment Motion be GRANTED;

(iii) the Wall/Feinstein Summary Judgment Motion be GRANTED with respect to the Eighth and Fourteenth Amendment claims regarding deliberate indifference to Plaintiff's serious medical needs and the medical negligence claims; and

(iv) the Doctors' Motion to Dismiss be DENIED as moot.

Additionally, I recommend the *sua sponte* DISMISSAL of Plaintiff's remaining claims:

(i) the Ninth Amendment claims; and

(ii) the claims under the Fourteenth Amendment Equal Protection Clause and the ADA.

Therefore, having recommended the dismissal of all claims in the Complaint, I further recommend that the action be DISMISSED in its entirety.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
April 6, 2010